## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | **1 : 11-CV-113 (WLS)** |
| | : | |
| WARDEN JOSEPH BADEN, *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on August 26, 2011. (Doc. 1).  Presently pending in this action are Plaintiff's Motion to Substitute, Motion on Related Matters, Motion requesting a hearing, Motions to Amend, and Motions for injunctive relief.  (Docs. 17, 19, 25, 12, 16, 13, 29).

## I. ORDERS

### *Motion to Substitute (Doc. 17)*

Plaintiff filed this Motion requesting the Court dismiss Defendant Baden, who is no longer the Warden at Calhoun State Prison, and add John Jeanes, the new Warden at Calhoun State Prison, as a Defendant.

Plaintiff cites to Federal Rule of Civil Procedure 25(d), which states that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending."  The newly appointed public official is substituted in the place of the previous defendant. *Id.* Herein, Plaintiff has not named Defendant Baden in his official capacity.  Plaintiff alleges that Defendant Baden was deliberately indifferent

to Plaintiff's needs, and Plaintiff requests an award of monetary damages.  (Doc. 1).  Plaintiff

cannot attempt to hold Defendant Baden liable for monetary damages in his official capacity.  *See*

*See Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) ("a state

official sued in his official capacity [is] not [a] 'person[ ]' within the meaning of §1983, thus

damages are unavailable).  Thus, it appears Plaintiff is suing Defendant Baden in his individual

capacity.  As Defendant Baden is being sued in his individual capacity, and not his official

capacity, substitution under Rule 25(d) is not appropriate.

Furthermore, it appears Plaintiff has named the correct Defendant, as he alleged that

Defendant Baden committed specific acts against Plaintiff while Defendant Baden was employed

at Calhoun State Prison.  Accordingly, Plaintiff's Motion to Substitute is **DENIED**.

### Motion on Related Matters (Doc. 19)

On December 29, 2011, Plaintiff filed a Motion on Related Matters requesting the Court

order Defendants to respond to his Complaint.  Defendants filed a Pre-Answer Motion to Dismiss

on January 31, 2012.  (Doc. 20).  As Defendants have filed a response to Plaintiff's Complaint,

Plaintiff's Motion on Related Matters is **DENIED** as moot.

### Motion for a Hearing (Doc. 25)

Plaintiff filed a Motion for a Hearing asking the Court to schedule a hearing so that

Plaintiff can present evidence regarding Defendants' Motion to Dismiss.  Plaintiff alleges that he

will provide the Court with grievances that were left out of Defendants' Motion to Dismiss.

Defendants filed a Response requesting the Court deny Plaintiff's Motion because Defendants'

Motion to Dismiss can be decided on the briefs that have been submitted to the Court.  (Doc. 28).

Defendants have filed a brief, an affidavit, and copies of Plaintiff's grievances to support

their Motion to Dismiss.  (Doc. 20).  Plaintiff has filed a Response in Opposition to Defendants'

Motion to Dismiss. (Doc. 23).  Both parties have had an opportunity to be heard on the matter

through the written briefs and exhibits.  Plaintiff had an opportunity to submit documentary

evidence with the filing of his brief.

As Defendants' Motion to Dismiss can be properly decided on the submitted briefs,

Plaintiff's Motion for a Hearing is **DENIED**.

### *Motions regarding amending (Docs. 12, 16)*

Plaintiff has filed two Motions wherein he requests the Court allow him to amend his

Complaint.  On November 15, 2011, Plaintiff filed a Motion to Amend seeking to add Christine

Cross, the Deputy Warden of Care and Treatment, as a defendant. (Doc. 12).  Plaintiff alleges that

Cross failed to protect Plaintiff after he was attacked on April 29 and May 9, 2011.  Plaintiff

further states that Cross deprived Plaintiff of medical treatment.

On December 6, 2011, Plaintiff filed another Motion to Amend, requesting that the Court

grant him leave to amend his Complaint to include "illegal weapons, and handguns".  (Doc. 16).

Plaintiff alleges that he mailed letters to non-party Commissioner Brian Owens informing him

that handguns were in the prison.  Plaintiff asserts that Defendants Railey and Baden, and non-

party Alexander, were deliberately indifferent regarding Plaintiff's safety because of the

handguns.

Plaintiff filed his initial Complaint on August 26, 2011, waivers of service were mailed on

December 2, 2011, and Defendants filed their Motion to Dismiss on January 31, 2012.  (Docs. 1,

14, 15, 20).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

3

(1) ***Amending as a Matter of Course***
    A party may amend its pleading once as a matter of course within:
       (A)  21 days after serving it, or
       (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.


(2) ***Other Amendments***
    In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff's first Motion to Amend was filed before the Complaint and waivers of service were mailed to Defendants.  As such, Plaintiff's Motion to Amend was timely filed under Rule 15(a)(1)(A).  The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course.  *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007).  Accordingly, Plaintiff's first Motion to Amend his Complaint (Doc. 12) is **GRANTED**.

Plaintiff's second Motion to Amend was filed more than twenty-one (21) days after the Complaint and waivers of service were mailed to Defendants, but prior to the filing of Defendants' Rule 12(b) Motion to Dismiss.  While this would grant Plaintiff leave to amend pursuant to Rule 15(a)(1)(B), the Rule provides that a party may amend <u>once</u> as a matter of course.  As this is Plaintiff's second Motion to Amend, Plaintiff's Motion cannot be granted as a matter of course.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.  *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 246, 249 (11th Cir. 1982).  Although the decision to grant or deny a motion to amend a complaint

4

complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Herein, Plaintiff filed his second Motion to Amend prior to the filing of Defendants' Motion to Dismiss. Furthermore, Plaintiff's second Motion to Amend was filed within four (4) days of the mailing of the waivers of service to Defendants. There is no indication that Plaintiff was attempting to delay the case when he filed this second Motion. Also, while Defendants have now filed a Motion to Dismiss, they should have been aware of the Motions to Amend prior to the filing of their Motion to Dismiss, and therefore are not unduly prejudiced if Plaintiff is allowed to Amend his Complaint a second time. Accordingly, Plaintiff's second Motion to Amend (Doc. 16) is also **GRANTED**.

Even though Plaintiff's Motions to Amend are granted, the claims remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b). A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*,

5

550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).  The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  While the Court must accept all the the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

As both Motions to Amend allege different claims, the Court will take the Motions in turn.

*First Motion to Amend*

Plaintiff's first Motion to Amend seeks to add Defendant Christine Cross because she failed to protect Plaintiff after he was attacked on April 29 and May 9, 2011.  (Doc. 12).  Plaintiff further states that Cross deprived Plaintiff of medical treatment.  As Plaintiff is adding Defendant Cross because of her involvement in the previously alleged facts in this case, the Court finds that Plaintiff has sufficiently stated a claim against Defendant Cross.

It is hereby **ORDERED** that service be made as to Defendant Christine Cross and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act.  If Defendants desire, Defendant Cross may join and/or file a Supplement to Defendants' Pending Motion to Dismiss within sixty (60) days of the date of this Order.

## II. <u>RECOMMENDATIONS</u>

*Second Motion to Amend*

In Plaintiff's second Motion to Amend, Plaintiff alleges that Defendants Railey and Baden failed to protect Plaintiff based on the existence of "handguns and other illegal weapons" in the prison.  (Doc. 16).  "A prison official's 'deliberate indifference' to a substantial risk of serious

harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

Herein, Plaintiff has not alleged that he has been harmed by the handguns or weapons, that he has been threatened by another inmate, or that he has a specific reason to fear for his safety. Plaintiff merely asserts that Defendants have failed to prevent Plaintiff from being exposed to a risk of harm. Failure to prevent exposure to a risk of harm does not entitle Plaintiff to maintain an action under § 1983. *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). "[A] § 1983 claim arises only when the harm occurs, not when the risk of harm arises." *Shabazz v. Barrow*, 2006 WL 826712, * 6 (M.D. Ga. March 29, 2006). Furthermore, Plaintiff has not alleged injury that is actual or imminent; he merely states that there are handguns in the jail and speculates that he will be harmed by the illegal weapons. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (holding that a complaint must allege an injury to the plaintiff that is distinct and palpable, as opposed to abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical).

Plaintiff has alleged facts that show that there is a possible risk of harm in the jail because of handguns and weapons. Plaintiff, however, has not sufficiently alleged facts that show he has

been specifically threatened or harmed by the existence of handguns in the prison, or that Defendants were aware of a strong likelihood that Plaintiff was exposed to a serious risk of harm, but failed to take action.  *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a [correctional official's] failure to act can constitute deliberate indifference." (internal quotations omitted)); *Jenkins v. DeKalb County, Ga*, 528 F.Supp.2d (N.D. Ga. 2007) (discussing risks and stating that "[t]here is always a general risk of harm in any prison, as there is a risk of harm in life[,]" but the issue is whether there is a "substantial risk, or probability, of injury"). Accordingly, it is the recommendation of the undersigned that Plaintiff's claim regarding Defendants' failure to protect due to handguns in the prison (Doc. 16) be **DISMISSED** as this portion of Plaintiff's Amended Complaint has failed to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Injunctive Relief (Docs. 12, 13, 24, 29)*

Plaintiff has filed several Motions requesting the Court grant him injunctive relief against Defendants due to violations against him while he was housed at Calhoun State Prison.  (Docs. 12, 13, 24, 29).  On March 16, 2012, Plaintiff notified the Court though his Motion for Preliminary Injunction (Doc. 29-1) and the attached envelope (Doc. 29-2) that he had been transferred to Macon State Prison.  Under established law in this circuit, a prisoner's claim for

injunctive relief is mooted by his transfer to a different prison facility.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  As Plaintiff has been transferred from Calhoun State Prison to Macon State Prison, it is the recommendation of the undersigned that Plaintiff's Motions for Injunctive Relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 21st day of March, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf

9