**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-cv-113(WLS) |
| | : | |
| Joseph Baden, *Warden*, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed March 21, 2012. (Doc. 31). Therein, Judge Langstaff denies Plaintiff's Motion to Substitute (Doc. 17), Motion on Related Matters (Doc. 19), and Motion for a Hearing (Doc. 25). (Doc. 31 at 1-3). He also grants Plaintiff's First and Second Motions to Amend (Docs. 12, 16), permitting Plaintiff to serve process on Defendant Christine Cross. (Doc. 31 at 3-6).

Notwithstanding the grant of the Motions to Amend, Judge Langstaff recommends the dismissal of Plaintiff's Eighth Amendment deliberate indifference claim, which Plaintiff seeks to bring in his Second Motion to Amend, pursuant to 42 U.S.C. § 1983, based on the alleged existence of "illegal weapons and handguns" in the prison where Plaintiff was housed. (*Id.* at 8). The Magistrate Judge grounds his recommended findings and holding on Plaintiff's failure to allege facts that show that "he has been specifically threatened or harmed by the existence of handguns in the prison, or that Defendants were aware of a strong likelihood that Plaintiff was exposed to a serious risk of harm, but failed to take action." (*Id.*).

1

Finally, Judge Langstaff recommends the denial of Plaintiff's Motions requesting injunctive relief for deprivations he allegedly suffered while incarcerated at Calhoun State Prison. According to the Recommendation, Plaintiff's transfer to Macon State Prison has mooted the opportunity for injunctive relief. (*Id.* at 8-9 (citations omitted)).

The Report and Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendations. (*Id.* at 9). On April 4, 2012, prior to the April 9, 2012 deadline,[2] Plaintiff timely filed an Objection. (Doc. 39). Therein, Plaintiff objects not only to the Magistrate Judge's order denying Plaintiff's Motion for a Hearing[3] (*id.* at 2-3), but also to the proposed findings and recommendations (*id.* at 5-10). The Court first addresses the objection to Judge Langstaff's order and then turns to the objection to the recommendation.

## I.   Objection to the Magistrate Judge's Denial of Plaintiff's Motion for a Hearing

Plaintiff's objection states that he can introduce, at the requested hearing, proof of filed grievances that were excluded from Defendants' Motion to Dismiss that would disprove Defendants' contention that Plaintiff failed to administratively exhaust his claims. (*Id.* at 2). Plaintiff maintains that he cannot safely mail the grievances to the Court because prison officials continue to tamper with his and other prisoners' outgoing mail. (*Id.* at 2-3 (alleging that documents Plaintiff mailed from prison to Georgia Attorney General were "deliberately lost, or

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] Because the actual deadline for filing objections—Saturday, April 7, 2012—fell on a weekend, the deadline was extended to Monday, April 9, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] Plaintiff, however, accepts the Magistrate Judge's orders denying Plaintiff's Motion to Substitute (Doc. 17) and Motion on Related Matters (Doc. 19) and granting Plaintiff's First Motion to Amend (Doc. 12) as it concerns joining Defendant Christine Cross to this case. (Doc. 39 at 2-3).

2

misplaced")). According to Plaintiff, the Court's failure to conduct an evidentiary hearing will prejudice Plaintiff and other inmates. (*Id.* at 3).

Under the Federal Rules of Civil Procedure, a district judge may consider timely objections to a magistrate judge's order on nondispositive pretrial matters and may modify or set aside any portion thereof that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting district judge to reconsider magistrate judge's order on nondispositive pretrial matter if order is contrary to law or clearly erroneous). "Clear error is a highly deferential standard of review." Saunders v. Emory Healthcare, Inc., No. 1:07-CV-00282-WSD-GGB, 2008 WL 513340, *3 (N.D. Ga. Feb. 22 2008) ("The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'"). "[A] finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id.

Here, the Court is not convinced that Judge Lanstaff's denial of Plaintiff's Motion for a Hearing was in clear error or contrary to law. Plaintiff has had a fair opportunity to respond to Defendants' Motion to Dismiss and in fact, has responded to the Motion to Dismiss. (*See* Doc. 23). Plaintiff was noticed of his right to respond to Defendants' Motion to Dismiss and of the consequences of his failure to do so. (Doc. 22). Thus, as Judge Langstaff finds, the Court should be able to resolve Defendants' Motion to Dismiss on briefing alone.

The Court is sensitive to Plaintiff's concern regarding the security of the prison mail system and Plaintiff's ability to securely deliver documents to the Court that are relevant to the Court's consideration of Defendants' Motion to Dismiss. Nonetheless, the Court is not required to reference documentary evidence to resolve a motion to dismiss, although the Parties' reference to and reliance on such documents and facts beyond the pleadings are permitted at this stage.

3

*See* Woods v. Southern Co., 396 F. Supp.2d 1351, 1359 (N.D. Ga. 2005) ("The Eleventh Circuit . . . has . . . *permitted reference* to a document attached to a motion to dismiss, . . . where the attached document is 'central to the plaintiff's claim' and is 'undisputed' . . . ." (emphases added) (citation omitted)).

Rather, the Court is only mandated to look at the sufficiency of the pleadings themselves to determine whether Plaintiff has pled enough facts to state a claim to relief that is plausible and thus, can overcome a Rule 12(b)(6) affirmative defense. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (11th Cir. 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . [and must] state a claim to relief that is plausible on its face."). And because of the favorable light in which a plaintiff's pleadings are construed at the motion to dismiss stage, the Court must accept as true Plaintiff's allegations, including those related to the exhaustion of his claims, unless proven otherwise. *See* Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Accordingly, the Court could find that Plaintiff has met the pleading standards and requirements under the Federal Rules of Civil Procedure without a review of the grievance forms which Plaintiff seeks to introduce at a hearing. The pleading allegations or Plaintiff's argument in his response brief as to the existence of the grievances and the exhaustion of administrative remedies may be satisfactory.[4] Plaintiff's introduction of the grievances and other evidence is therefore not required or necessary.

---

[4] The instant Order's discussion of the required sufficiency of Plaintiff's allegations is no indication of the Court's disposition as to Defendants' Motion to Dismiss. Rather, the discussion is only for the purpose establishing appropriate pleading standards and determining the relevance of documentary evidence.

4

## II. Objection to the Magistrate Judge's Recommendation as to Plaintiff's Eight Amendment Claim and Claim for Injunctive Relief

Plaintiff's Objection to the Recommendations findings as to the Second Motion to Amend primarily contends that the Recommendation "is improper . . . and goes to endanger . . . Plaintiff." (Doc. 39 at 5). In support of this argument, Plaintiff's Objection maintains that Plaintiff suffered injuries from a handgun, with which he was beaten and robbed at Calhoun State Prison. (*Id.*). He contends that Defendants are responsible for these injuries because, based on Plaintiff's grievances and letters of complaint to prison officials, Defendants "knew that the dorms were overcrowded and understaffed . . . and [that Plaintiff] . . . was left . . . vulnerable" due to his medical issues. (*Id.*). Plaintiff therefore believes that he has proved the objective and subjective components of a legitimate Eighth Amendment claim. (*Id.* at 6).

He further argues that injunctive relief is the proper course of action to obtain the relief he seeks because his transfer to Macon State Prison was the result of Defendants' unlawful retaliatory actions. Plaintiff therefore submits that the Court should allow him to join Macon State Prison in this suit and move forward on his claim for injunctive relief. (*Id.* at 7).

None of the foregoing grounds of Plaintiff's Objection persuades the Court to reject the recommended dismissal of Plaintiff's claims for Eighth Amendment deliberate indifference and for injunctive relief. The majority of Plaintiff's Objection rehashes the facts on which Plaintiff bases his claims for relief in his § 1983 Complaint and supplemental and amended pleadings. (*See generally* Docs. 1, 12, 16). For example, just as he claims in his amended pleadings, Plaintiff emphasizes in his Objection Defendants' deliberate indifference to his complaints regarding the existence of handguns. Yet, as the Recommendation finds, Plaintiff's allegation regarding the presence of handguns and weapons in the prison, coupled with the alleged history

5

of Plaintiff's internal grievances, does not alone constitute a constitutional deprivation, nor does it give rise to a substantial risk of harm of which Defendants should have been aware.

A reading of Plaintiff's pleadings and Objection highlights no specific reason for Plaintiff to fear for his safety. Plaintiff's pleadings do not sufficiently allege that Plaintiff was harmed by the handguns or weapons or threatened by another inmate. Instead, Plaintiff either intimates that injury is only a possibility based on the presence of the handguns and other weapons (*see, e.g.*, Doc. 16 at 3 ("Plaintiff . . . has actually seen some of [the handguns] up close, and their *possible intended use*." (emphases added))), or he summarily states that he suffered some injury, without details as to the manner in which his injury arose (*see id.* at 3, 4 ("Plaintiff, having suffered actual injury, is entitled to pursue his claim."))). However, Plaintiff's failure to specify the details of his injury or the circumstances under which the prison officials would have become aware of Plaintiff's specified injuries or risk of injury is fatal to his claim. Turner v. Burnside, 444 F. App'x 39, 397 (11th Cir. 2011) ("To satisfy the 'deliberate indifference' standard, there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood. Moreover, . . . the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists . . . .").

Lastly, Plaintiff has offered no legal authority to establish that an inmate's retaliatory transfer from one prison to another entitles him to injunctive relief. (*See generally* Doc. 39). Nor has he offered any explanation of the conduct for which he was retaliated. For this reason, the Court cannot find that Plaintiff has stated a valid claim on which it can grant injunctive relief, particularly where the standards for such relief are stringent.

Accordingly, Plaintiff's Objection (Doc. 39) as to the Magistrate Judge's denial of the Motion for a Hearing and recommended dismissal of Plaintiff's Eighth Amendment Claims for

deliberate indifference to a substantial risk of handguns and other weapons are **OVERRULED**. U.S. Magistrate Judge Langstaff's March 21, 2012 Report and Recommendation (Doc. 31) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. The portion of Plaintiff's Amended Complaint (Doc. 16) regarding Plaintiff's Eighth Amendment claim of deliberate indifference for failure to protect from handguns and other weapons is **DISMISSED**. Further, Plaintiff's Motions or pleadings requesting injunctive relief—namely, Plaintiff's Motion to Amend Complaint (Doc. 12), Motion for the Court to Issue an Order Protecting Plaintiff's Rights (Doc. 13), Supplement to Complaint (Doc. 24), and Motion for Preliminary Injunction (Doc. 29)—are **DENIED** and/or **DISMISSED**.

**SO ORDERED**, this  17th  day of April 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**