IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DON ROBERT FAIRCLOTH,        :
                               :
        Plaintiff,          :
                               :
VS.                     :      **1 :11-CV-113 (WLS)**
                               :
Warden JOSEPH BADEN, *et al.*,   :
                               :
        Defendants.    :
_____:

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. §1983 on August 26, 2011. (Doc. 1).   Presently pending in this action are Defendants Baden and Railey's Motion to Dismiss (Doc. 20), and voluminous miscellaneous motions filed by Plaintiff. (Docs. 44, 48, 51, 53, 54, 58, 59, 60, 62, 63, 65, 67, 68, 74, 85, 86, 93).

## Background

Plaintiff's Complaint alleges that Defendant Joseph Baden, Warden at Calhoun State Prison ("CSP), and Defendant Christopher Railey, a Deputy Warden at CSP, were deliberately indifferent to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights, and discriminated against him based on his race and disability, violating his Fourteenth Amendment rights.   (Doc. 1). Plaintiff amended his pleadings to add a claim which alleged that Defendant Christine Cross failed to protect Plaintiff and denied him medical treatment. (Doc. 12).   Plaintiff asserts that, because of his race and disability, he was denied medical care and counseling services.   Plaintiff also alleges that on both April 29 and May 9 of 2011 he was physically beaten and raped by other inmates because Defendants failed to protect him.   Plaintiff maintains that Defendants also failed to protect

him from second hand tobacco and marijuana smoke, and prison overcrowding.

***Motion to Dismiss (Doc. 20)***

Defendants Baden and Railey have filed a Motion to Dismiss stating, in part, that Plaintiff

has failed to state a claim upon which relief can be granted.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations

accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. The
> plausibility standard is not akin to a probability requirement, but it
> asks for more than a sheer possibility that a defendant has acted
> unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In this regard, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief.' Specific facts are not

necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations

omitted).   The pleading, however, must be more than an "unadorned, the-defendant-unlawfully

-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.   The key to proper consideration of a motion

to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across

the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th

Cir. 2009).   While the Court must accept all the allegations contained in the Complaint as true, the

2

Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*
"Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by
> identifying pleadings that, because they are no more than conclusions,
> are not entitled to the assumption of truth. While legal conclusions
> can provide the framework of a complaint, they must be supported by
> factual allegations. When there are wellpleaded factual allegations, a
> court should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

*Id.* at 1950.

*Deliberate Indifference*

Defendants Baden and Railey maintain Plaintiff has failed to state a claim of deliberate
indifference against them.   (Doc. 20-1).  "A prison official's 'deliberate indifference' to a
substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v.
Brennan*, 511 U.S. 825, 828 (1994).   The deliberate indifference standard has both an objective
and a subjective component.   "First, under the 'objective component,' a prisoner must prove that
the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler
v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8
(1992)).   Secondly, "a prison official cannot be found liable under the Eighth Amendment . . .
unless the official knows of and disregards an excessive risk to inmate health or safety; the official
must both be aware of facts from which the inference could be drawn that a substantial risk of
serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

Plaintiff's Complaint provides only the assertion that Defendants Baden and Railey had
"actual knowledge" of the overcrowding, second hand smoke, and racial discrimination, but the

Complaint contains no factual support to show how these Defendants were aware of the risk of harm to Plaintiff.  (Doc. 1, p. 6).   The Complaint contains only a conclusory statement.   Plaintiff has presented a legal conclusion couched as a factual allegation, which is insufficient to show that Defendants Baden and Railey were aware of a risk of harm to Plaintiff.  *See Iqbal*, 129 S.Ct. at 1949; *Sinaltrainal*, 578 F.3d at 1261.

In his Response to Defendant Baden and Railey's Motion to Dismiss, Plaintiff provides additional information stating that Defendants Baden and Railey were aware of a serious risk of harm to Plaintiff through Plaintiff's filing of grievances and letters.  (Doc. 23).   Filing a grievance or letter, however, does not alone show that a supervisor had knowledge.  *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor Adoes not alone make the supervisor liable@; *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to Ajail=s upper officials@was insufficient to show the defendants were on notice of a substantial risk of serious harm). Furthermore, there is no § 1983 liability simply because a jail official did not act based on the content of a grievance.  *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) (ASection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.@.   Thus, an allegation that Plaintiff filed grievances is insufficient so show that Defendants Baden and Railey had subjective knowledge of a serious risk of harm to Plaintiff.

As Plaintiff has, at most, alleged that Defendants Baden and Railey were aware of the risk of

harm to Plaintiff through letters and grievances alone, Plaintiff has not sufficiently stated an Eighth Amendment claim against Defendants Baden and Railey.

*Racial Discrimination*

Defendants also maintain that Plaintiff has failed to state a claim of racial discrimination. (Doc. 20-1).   "Under the Equal Protection Clause, prisoners have a right to be free from racial discrimination."   *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995).   "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race."   *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).

In his Complaint, Plaintiff simply alleges that he is discriminated against because he is "white and disabled".   (Doc. 1).   Plaintiff identifies the race of several prison officials, and then states that he was discriminated against because the prison officials and ninety-five percent of the prison guards at CSP "are black".   Plaintiff fails to allege that Defendants have treated similarly situated prisoners more favorably than they treated Plaintiff.

The Complaint contains no factual allegations to support Plaintiff's contention that he is being denied medical treatment, and that Defendants failed to protect him because of his race.   As Plaintiff has only provided legal conclusions which he has stated as factual assertions, his racial discrimination claims against Defendants Baden and Railey cannot withstand the pending Motion to Dismiss.   *See Russ v. Blumenfeld*, 2011 WL 6010294, *5 (M.D. Ala. Nov. 3, 2011) ("Because Plaintiff's bald suspicions and assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause.");

*Williams v. Bennett*, 2007 WL 424654, *3 (S.D. Ga. Feb. 6, 2007) (dismissing for failure to state a claim when the plaintiff "failed to present any facts, beyond his own suspicions that the jail officials' actions were racially motivated, to support his claim of racial discrimination").

*Vicarious Liability*

To the extent that Plaintiff is attempting to hold Defendants Baden and Railey liable because of their supervisory positions, this claim must also fail.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability).   The Complaint contains no allegations that Defendants Baden and Railey were personally involved in any alleged denial of Plaintiff's Eighth or Fourteenth Amendment rights, nor are there allegations that there is a causal connection between Defendants Baden and Railey and the alleged denial of rights.

*Conclusion*

The undersigned finds that Plaintiff has failed to state a claim for which relief can be granted against Defendants Baden and Railey. Accordingly, it is the recommendation of the undersigned that Defendants Baden and Railey's Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**_Injunctive Relief (Doc. 58, 86, 93)_**

Plaintiff has filed three Motions for injunctive relief, requesting the Court order non-party Macon State Prison to give Plaintiff proper medical care, and immediate access to his legal mail and to the media.   The Court lacks subject matter jurisdiction to issue a preliminary injunction

6

against a non-party.  *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72

F.3d 842, 842-43 (11th Cir. 1995); *see also Bowman v. Crosby*, 2005 WL 1278173, *1 (N.D. Fla.

May 26, 2005) ("the persons from whom injunctive relief is sought must be parties to the

underlying action").   As Macon State Prison is not a party to this action, the Court lacks subject

matter jurisdiction to issue injunctive relief against Macon State Prison.   Therefore, it is the

recommendation of the undersigned that Plaintiff's Motion to Reassert Preliminary Injunction

(Doc. 58) and his Motions for Order of Protection (Docs. 86, 93) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendations contained herein with the Honorable W. Louis Sands, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### Motions to Amend (Docs. 44, 48, 51, 53, 54, 59, 67)

Plaintiff has filed at least seven Motions to Amend since April 12, 2012.   Plaintiff filed his

Complaint on August 26, 2011, and on December 2, 2011, the waivers of service and the

Complaint were mailed to the original Defendants. (Docs. 1, 14, 15).   Defendants Baden and

Railey filed a Pre-Answer Motion to Dismiss on January 31, 2012, (Doc. 20), and Defendant Cross

filed her Pre-Answer Motion to Dismiss on July 2, 2012.   (Doc. 88).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within:
(A)   21 days after serving it, or
(B)   if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or 21 days
after service of a motion under Rule12(b), (e), or (f), whichever is
earlier.

(2) *Other Amendments*

7

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff previously filed a motion to amend, which was granted as a matter of right. (Doc. 31). Plaintiff may only be granted <u>one</u> amendment as a matter of right. Additionally, Plaintiff's Motions are clearly untimely if relying on Rule 15(a)(1). As Defendants have not consented to Plaintiff's proposed amendments, Plaintiff's only remaining means to amend his Complaint is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court initially notes that Plaintiff has filed two previous Motions to Amend that were both granted by the undersigned. (Docs. 12, 16, 31). In his current Motions to Amend, Plaintiff seeks to add Dewayne Ayers, James Spann, Tiffany Whately, Samuel S. Olens, and several employees at Macon State Prison as defendants, and to add a claim of conspiracy against the proposed defendants and the original Defendants. (Docs. 44, 48, 51, 53, 54, 59, 67).

Plaintiff alleges that several employees at Macon State Prison violated his rights by

8

subjecting him to overcrowding and second hand tobacco and marijuana smoke, and by failing to provide him with adequate medical care.   Additionally, Plaintiff maintains that these proposed defendants racially discriminated against him. (Docs. 44, 48, 51, 53).   Plaintiff also requests the Court allow him to add Dewayne Ayers and Tiffany Whately, employees at CSP, because they were deliberately indifferent to Plaintiff's needs. (Docs. 53, 54).   Plaintiff further seeks to add James Spann, the grievance coordinator at CSP, because he has allegedly committed fraud in his affidavit to the Court, and Plaintiff would like James Spann to be prosecuted.   (Doc. 53, 54).   It also appears Plaintiff would like to add a conspiracy claim against all proposed defendants, the current Defendants, and Samuel S. Olens, the attorney general for the State of Georgia.

In his Motions to Amend, Plaintiff has made conclusory allegations regarding each proposed defendant and each additional claim.   Plaintiff attempts to assert claims against the proposed defendants by alleging legal conclusions that are couched as factual assertions.   Therefore, Plaintiff's Motions to Amend are futile.   *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Additionally, Plaintiff's Motions to Amend would cause undue prejudice to Defendants. Plaintiff began filing these Motions to Amend more than seven months after filing his Complaint, more than four months after his first Motions to Amend, more than two months after Defendants Baden and Railey filed their Motion to Dismiss, and three days after the undersigned recommended dismissal in another case Plaintiff brought against Joseph Baden and Tiffany Whately.   (*See* 1:11-CV-86 (M.D. Ga) Doc. 65).   If Plaintiff was allowed to amend at this late date, it would cause undue delay and prejudice as several new defendants would be added after Motions to

Dismiss have been filed, and after the undersigned has recommended dismissing the claims against Defendants Baden and Railey.  *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming a denial of a motion for leave to amend when the motion was accompanied with a response to the defendants' motion for summary judgment and was filed seven weeks after the close of discovery);  *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

Furthermore, Plaintiff appears to be attempting to add several claims that are unrelated to the current case.  Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, defendants may be joined in one action if

> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)   any question of law or fact common to all defendants will arise in the action.

The events alleged in Plaintiff's Motions do not relate to the events alleged in Plaintiff's original Complaint.   The new claims involve different defendants, and several of the new allegations have arisen from alleged events which occurred at a different prison facility. Furthermore, several of the new claims allegedly occurred more than eleven months after the events alleged in Plaintiff's original Complaint.   (*See* Docs. 1, 43, 44).   Plaintiff has not shown how the newly asserted claims logically relate to the original Complaint, or logically relate to the current Defendants.  *See Nichols v. Head*, 2010 WL 4261395, *3 (M.D. Ga. Oct. 21, 2010) (denying the plaintiff's motion to amend because the plaintiff "failed to show a logical relationship

between his claims" in the original complaint and the claims in his motion to amend); *Williams v. Eves*, 2010 WL 1955934, *2 (S.D. Ga. March 1, 2010) (denying the plaintiff's motion to add defendants when the plaintiff failed to show a logical connection between his claims against the named defendants and his newly alleged claims against defendants at a different prison facility).

The Court also notes that it appears Plaintiff is attempting to delay the disposition of this case.   Plaintiff requests that the Court add defendants that were named in case number 1:11-CV-86 (M.D. Ga) in order to consolidate the cases so that Tiffany Whatley and Dewayne Ayers could be added as defendants in the current case.   On April 9, 2012, the undersigned recommended that the claims against Tiffany Whatley be dismissed in case number 1:11-CV-86 (M.D. Ga) because Plaintiff failed to exhaust his administrative remedies.   (*See* 1:11-CV-86 (M.D. Ga) Doc. 65).   The undersigned also denied Plaintiff's motion to amend, which sought to add Dewayne Ayers, the Medical Director at CSP.   (*Id.*).   Plaintiff began requesting consolidation in the instant case on May 10, 2012, which was more than a month after the undersigned denied Plaintiff's motion to amend and recommended dismissal of Plaintiff's complaint in case number 1:11-CV-86 (M.D. Ga.).   (*See* Doc. 53).   Therefore, it appears that Plaintiff is attempting to add futile claims, and is attempting to delay the disposition of this case by adding claims in which a dismissal has previously been recommended.

For the above stated reasons, Plaintiff's Motions to Amend (Docs. 44, 48, 51, 53, 54, 59, 67) are hereby **DENIED**.

### *Evidentiary Hearing (Docs. 53, 62, 67)*

Plaintiff has filed several Motions which include requests to the Court for an evidentiary hearing so that he can prove he fully exhausted the administrative remedies available to him, and to

prove his case.   On March 21, 2012, the undersigned denied Plaintiff's Motion for Hearing. (Doc. 31).   As Plaintiff has already moved for an evidentiary hearing and the Motion was denied, the undersigned interprets Plaintiff's Motions as Motions for Reconsideration of the undersigned's denial of Plaintiff's Motion for Hearing.

Plaintiff has presented no new information which persuades the Court to reconsider its Order denying Plaintiff's Motion for Hearing.   Therefore, Plaintiff's Motions requesting the Court schedule an evidentiary hearing are **DENIED.**

### *Motion for Contempt (Doc. 60)*

Plaintiff has filed a Motion requesting the Court hold specific employees from Macon State Prison in contempt for failing to follow a court order from the Southern District of Georgia which gave prisoners two and a half hours of library time a week.   First, the Court notes that no current Defendants are named in the Motion for Contempt.   Also, the Motion is unclear as to who the order that Plaintiff believes is being violated was directed towards.   It appears Plaintiff is seeking to hold Macon State Prison employees in contempt of an order filed in a different district court, regarding a different case, and directed towards different individuals.   Plaintiff has failed to show that a named Defendant has violated a Court order in this case.   Accordingly, Plaintiff's Motion for Contempt is **DENIED.**

### *Motion to Proceed with Claim (Docs. 62, 63)*

Plaintiff has filed two Motions requesting the Court proceed with his claims.   It appears Plaintiff is simply restating the claims he alleged in his Motions to Amend and original Complaint, rather than seeking relief from the Court.   The Court has considered Plaintiff's Motions to Amend, and has determined that Plaintiff shall not be allowed to proceed on the additional claims

alleged.   Furthermore, the Court has recommended that Defendants Baden and Railey's Motion to Dismiss be granted as Plaintiff has failed to state a claim against these Defendants.   To the extent Plaintiff is requesting that his new claims be allowed to proceed in this case, Plaintiff's Motions to Proceed with Claim are hereby **DENIED**.

### *Motions for Criminal Charges (Docs. 65, 68, 74)*

Plaintiff has filed several Motions requesting the Court's "assistance in obtaining a criminal warrant" against James Spann, Defendant Railey, Dewayne Ayers, and Defendant Cross.   Plaintiff alleges that these individuals lied under oath in affidavits that were submitted in several of Plaintiff's civil cases.   Plaintiff has provided no evidence to show that these individuals lied under oath, but has simply made broad allegations that these individuals are committing fraud so that Plaintiff's lawsuit will be dismissed.   Furthermore, it is not the role of the court to prosecute an individual; rather, it is the responsibility of the United States Attorney.   Therefore, Plaintiff's Motions for Criminal Charges are **DENIED**.

### *Motion to Stay (Docs. 68)*

Plaintiff filed a Motion requesting the Court stay the proceedings until the Court orders an evidentiary hearing regarding Plaintiff's exhaustion of administrative remedies.   The undersigned has determined that an evidentiary hearing is unnecessary to determine the issue of exhaustion, and the undersigned's decision has been upheld by the district judge assigned to this case.   (Docs. 31, 45).   The Court will not stay the proceedings as an evidentiary hearing is not necessary at this time.   Accordingly, Plaintiff's Motion to Stay is **DENIED**.

### *Motion for Investigation (Doc. 85)*

On June 26, 2012, Plaintiff filed a Motion for Courts (sic) Imediate (sic) Order and

13

Investigation, requesting the Court order an investigation of Macon State Prison because the water is contaminated.   Plaintiff alleges that he uncovered the contaminated water source because all the prison employees drink bottled water.   Plaintiff asks the Court to order the Environmental Protection Agency to investigate and post the results of the investigation in the Macon State Prison dorms.   The Court notes that Plaintiff's Motion refers to a different prison facility and a different set of circumstances than the allegations contained in the Complaint.   Further, while Plaintiff states that the water is brown and smells bad, there is no evidence that the water is contaminated or has actually caused Plaintiff any physical harm.   Therefore, Plaintiff's Motion for Courts (sic) Imediate (sic) Order and Investigation is hereby **DENIED**.

**SO ORDERED AND RECOMMENDED** , this 9th day of July, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf