**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

DON ROBERT FAIRCLOTH,     :
                             :
      Plaintiff,          :
                             :
v.                           :     CASE NO.: 1:11-cv-113(WLS)
                             :
JOSEPH BADEN, *Warden*, *et al.*,   :
                             :
      Defendants.     :
_____:

## ORDER

Pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed July 9, 2012. (Doc. 95). Therein, Judge Langstaff recommends the grant of Defendants Baden's and Railey's Motion to Dismiss (Doc. 20) based on Plaintiff's failure to state claims of deliberate indifference and racial discrimination upon which relief can be granted, as well as the denial of Plaintiff's Motion to Reassert Preliminary Injunction (Doc. 58). (Doc. 95 at 4-6). Judge Langstaff also denies Plaintiff's Motions to Amend (Docs. 44, 48, 51, 53, 59, 67), Motions for Evidentiary Hearing (Docs. 53, 62, 67), Motion for Contempt (Doc. 60), Motions to Proceed with Claim (Docs. 62, 63), Motions for Criminal Charges (Docs. 65, 68, 74), Motion to Stay (Doc. 68), and Motion for Investigation (Doc. 85). (Doc. 95 at 11-14).

The Report and Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the Recommendation. (Doc. 95 at 6, 7). Plaintiff timely filed "Objections to Magistrate Judge's Order and Recommendation"[2] (hereinafter

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] While the title of Plaintiff's Objection indicates that Plaintiff is objecting to the entirety of Judge Langstaff's Order and Recommendation, the substance of the Objection is in fact only directed at the recommended grant of

"Objection") on July 24, 2012 (Doc. 100), two days prior to the July 26, 2012 expiration of the objection filing deadline[3] (*see* Docket).  Plaintiff's Objection raises various grounds for rejecting Judge Langstaff's denial of Plaintiff's Motions for Evidentiary Hearing and Motions to Amend and his recommended grant of Defendants Baden's and Railey's Motion to Dismiss—none of which the Court finds pass muster.  The Court first begins with a review of Plaintiff's Objection to Judge Langstaff's Order denying Plaintiff's Motions to Amend and Motions for Evidentiary Hearing.  It then turns to Plaintiff's Objection to the recommended grant of Defendants Baden's and Railey's Motion to Dismiss.

**I.**     **Plaintiff's Objection to Order Denying Motions for Evidentiary Hearing (Docs. 53, 62, 67) and Motions to Amend (Docs. 44, 48, 51, 53, 54, 59, 67)**

Plaintiff maintains that Judge Langstaff erroneously denied his request for a hearing to present evidence on "all allegations including handguns."  (Doc. 100 at 2).  Throughout his Objection, Plaintiff continually states that he possesses "material evidence, investigative reports, and smoking gun" to establish Defendants Railey's and Baden's liability.  (*See, e.g.*, id. at 4, 8).  It is this "material evidence" that he believes entitles him to a hearing.

Plaintiff also states that he should be permitted to join additional defendants to his case.  (*Id.* at 8).  According to Plaintiff, the proposed defendants' bad faith as well as their cause of actual injury to Plaintiff should override Judge Langstaff's finding that the proposed defendants would suffer undue prejudice due to any amendments to Plaintiff's pleadings permitted at this

---

Defendants Baden's and Railey's Motion to Dismiss and portions of the Order denying Plaintiff's Motions for Evidentiary Hearing and Motions to Amend.  The Court therefore finds that Plaintiff accepts the Magistrate Judge's recommended denial of Plaintiff's request for injunctive relief and his denial of Plaintiff's Motion for Contempt, Motions to Proceed with Claim, Motions for Criminal Charges, Motion to Stay, and Motion for Investigation.
[3] Plaintiff filed an Amended Objection on August 1, 2012.  (Doc. 107).  The Court does not consider the Amended Objection herein because it contains new allegations surrounding recent alleged deprivations of Plaintiff's constitutional rights—which Plaintiff indicates he plans to raise in a separate lawsuit—or it reargues the same allegations of Plaintiff's pleadings in this case.  Additionally, the Amended Objection was filed without prior authorization by the Court.

stage of the case.[4]  (*Id.* at 9).  For example, he alleges that James Spann's fraudulent submission regarding Plaintiff's grievance history warrants the addition of James Spann and somehow, of other proposed defendants to this case.  (*Id.* at 8 (alleging that Plaintiff's transfer to Macon State Prison on same date of Defendant Cross's submission of fraudulent affidavit "shows causal connection, thus, proposed defendants at Macon State Prison should be added as defendants, as requested")).  The Court finds each ground of Plaintiff's Objection meritless.

Under the Federal Rules of Civil Procedure, a district judge may consider timely objections to a magistrate judge's order on nondispositive pretrial matters and may modify or set aside any portion thereof that is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting district judge to reconsider magistrate judge's order on nondispositive pretrial matter if order is contrary to law or clearly erroneous).  "Clear error is a highly deferential standard of review."  <u>Saunders v. Emory Healthcare, Inc</u>., No. 1:07-CV-00282-WSD-GGB, 2008 WL 513340, *3 (N.D. Ga. Feb. 22 2008) ("The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'").  "[A] finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Id.</u>

Here, the Court is not convinced that Judge Lanstaff's denial of Plaintiff's Motions to Amend and Motions for Evidentiary Hearing was in clear error or contrary to law.  Plaintiff simply has not provided a sound explanation for the requested amendments, as, in Judge Langstaff's words, he provides nothing more than "conclusory allegations regarding each proposed defendant and each additional claim."  (*See* Doc. 95 at 14).  The Court also finds no

---

[4] In an "attachment" to his Objection, Plaintiff also requests the assistance of attorney Mario Williams.  (Doc. 100 at 10).  This is not a request directed to the Court; therefore, the Court does not address it.  Moreover, if Plaintiff wishes to move the Court for appointment of counsel, he must do so by a separate motion and not within his Objection to the Magistrate Judge's Order and Recommendation.

justification for Plaintiff's great delay in seeking these amendments well beyond the commencement of this case, particularly since this Court has granted Plaintiff previous opportunities to amend.  (*See* Doc. 31).

With respect to Plaintiff's hearing requests, this Court has previously denied earlier requests by Plaintiff for a hearing on his Eighth and Fourteenth Amendment claims, and the Court finds no additional reason to reconsider his current requests for a hearing.  As stated by the Court in its April 2012 Order, "Plaintiff has had a fair opportunity to respond to Defendants' Motion to Dismiss . . . ."  (Doc. 45 at 3).  The Court is able to resolve the subject Motion to Dismiss on the briefing and pleadings alone.[5]  Moreover, not only has Plaintiff failed to establish that he is legally entitled to a hearing on his claims, but the Court's dismissal of Plaintiff's claims against Defendants Baden and Railey, *see infra* p. 4-5, moots Plaintiff's need to present evidence on said Defendants' liability at a hearing.

## II.    **Plaintiff's Objection to the Recommended Grant of Defendants Baden's and Railey's Motion to Dismiss (Doc. 20)**

The primary basis for Plaintiff's objection to the recommended denial of the subject Motion to Dismiss is Judge Langstaff's alleged political nature: according to Plaintiff, Judge Langstaff is purposely assisting Defendants Baden and Railey in their escape from liability. (Doc. 100 at 1-2).  In opposition to Judge Langstaff's biased recommended findings, Plaintiff persists in his claim that Defendants Railey and Baden were deliberately indifferent to Plaintiff's medical needs, given their knowledge "of the conditions under which Plaintiff was confined, grievances filed, signed by Calhoun State prison officials, not included in Plaintiffs [sic]

---

[5] Additionally, the Court has already ruled on Plaintiff's allegations of deliberate indifference regarding the presence of handguns and weapons in the prison, and as earlier held, said allegation, "coupled with the alleged history of Plaintiff's internal grievances, does not alone constitute a constitutional deprivation, nor does it give rise to a substantial risk of harm of which Defendants should have been aware." (*See* Doc. 45 at 5-6). Thus, Plaintiff has no need for a hearing to present evidence on his allegations regarding a handgun.

grievance history, along with a meeting with Defendant Railey and Cert. Team officer Anthony Alexander . . . ." (*Id.* at 3 ("Defendant Railey, as deputy Warden of Security, knew of the 'security classification' of inmates housed in dormitory E-1 and the illegal triple bunks and that only one floor officer was on duty when Plaintiff was assaulted.")).

Plaintiff's Objection also contends that he was and continues to be subjected to racial discrimination by prison officials who provide preferred medical counseling and educational services to black prisoners over white inmates like Plaintiff, and who placed Plaintiff in a dormitory that is over 80% black. (*Id.* at 5). Said racial discrimination, Plaintiff says, resulted in a black inmate raping, robbing, and assaulting Plaintiff. (*Id.*). According to Plaintiff, Defendant Railey, who is black, personally permitted the racial discrimination to occur, as he had personal knowledge of the discrimination due to his role as Deputy Warden of Security. (*Id.*).

Pursuant to 28 U.S.C. § 636, "a [district court] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(A). Here, upon the review of the Recommendation, the Court finds no reason to disturb the recommended findings in the Report and Recommendation as to Defendants Baden's and Railey's Motion to Dismiss. Judge Langstaff established clear legal reasoning for the recommended grant of the Motion to Dismiss, with citations to and the application of proper binding and persuasive authority.

Plaintiff's claims related to second-hand smoke, racial discrimination, and other generalized "conditions under which Plaintiff was confined" simply do not establish that a legally cognizable substantial risk of harm even existed. Nor do claims of the existence of Plaintiff's grievances or Defendant Railey's role as the deputy warden of security guarantee that

Defendants had both subjective and objective knowledge of any serious of risk of harm to Plaintiff specifically.

Finally, Plaintiff does not point to any specific comparators to substantiate his racial discrimination claim.   Rather, he only alleges that black prisoners receive more favorable treatment than he receives and that Defendants failed to protect him because of his race.   Such allegations, however, are insufficient, even at the motion to dismiss stage, to establish that Defendants Railey and Baden directly discriminated against Plaintiff because of his race. Therefore, contrary to Plaintiff's objection, there is no evidence that Judge Langstaff reached the recommended findings and conclusions due to a political affiliation, due to bias, or through some other impermissible process.

For all of the above reasons, Plaintiff's Objection (Doc. 100) and Amended Objection[6] (Doc. 107) are **OVERRULED**, and U.S. Magistrate Judge Langstaff's July 9, 2012 Report and Recommendation (Doc. 95) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reason of the findings made and reasons stated herein.   The Court therefore **GRANTS** Defendants Baden's and Railey's Motion to Dismiss (Doc. 20) and **DISMISSES** Plaintiff's Eighth and Fourteenth Amendment claims against Defendants Baden and Railey.   The Court further **DENIES** Plaintiff's Motion to Reassert Preliminary Injunction (Doc. 58), Motions to Amend (Docs. 44, 48, 51, 53, 59, 67), Motions for Evidentiary Hearing (Docs. 53, 62, 67), Motion for Contempt

---

[6] *See supra* note 3.

(Doc. 60), Motions to Proceed with Claim (Docs. 62, 63), Motions for Criminal Charges (Docs. 65, 68, 74), Motion to Stay (Doc. 68), and Motion for Investigation (Doc. 85).

**SO ORDERED**, this  3rd  day of August 2012.

/s/ W. Louis Sands

**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**