IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DON ROBERT FAIRCLOTH, :
:
Plaintiff, :
:
VS. : **1 :11-CV-113 (WLS)**
:
CHRISTINE CROSS, :
:
Defendant. :
_____________________________________:

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se*, brought the above-styled action pursuant to 42 U.S.C. §1983 on August 26, 2011. (Doc. 1). Presently pending in this action are Defendant Cross's Motion to Dismiss (Doc. 88), and Plaintiff's Motion to Amend, Motion to Appoint Counsel, and Motion Requesting Courts Order and Response. (Docs. 98, 117, 118).

**Background**

Plaintiff filed an Amended Complaint alleging that Defendant Christine Cross, a Deputy Warden at Calhoun State Prison ("CSP"), failed to protect Plaintiff and denied him medical treatment. (Doc. 12). Plaintiff alleges that on both April 29 and May 9 of 2011 he was physically beaten and raped by other inmates because Defendant Cross failed to protect him. Plaintiff also asserts that he was denied medical care and counseling services after he was attacked.

***Motion to Dismiss (Doc. 88)***

Defendant Cross has filed a Motion to Dismiss stating, in part, that Plaintiff has failed to state a claim upon which relief can be granted.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations

accepted as true, fails to Araise a right to relief above the speculative level@. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In this regard, AFederal Rule of Civil Procedure 8(a)(2) requires only ›a short and plain statement of the claim showing that the pleader is entitled to relief.= Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.@ *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading, however, must be more than an Aunadorned, the-defendant-unlawfully -harmed-me accusation.@ *Iqbal*, 129 S.Ct. at 1949. The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the Awell-pled allegations must nudge the claim across the line from conceivable to plausible.@ *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a Alegal conclusion couched as a factual allegation.@ *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.@ *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by

> factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

*Failure to Protect*

Defendant Cross maintains that Plaintiff has failed to state a claim of failure to protect. (Doc. 88-1). AA prison official=s ›deliberate indifference= to a substantial risk of serious harm to an inmate violates the Eighth Amendment.@ *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard has both an objective and a subjective component. AFirst, under the ›objective component=, a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment.@ *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, Aa prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.@ *Farmer*, 511 U.S. at 832.

Plaintiff’s Amended Complaint provides only the assertion that, after the attacks occurred, Defendant Cross became aware that Plaintiff had been brutally beaten, raped, and robbed, but failed to protect him. (Doc. 12). The Amended Complaint does not contain factual assertions that show Defendant Cross was aware of a substantial risk that Plaintiff would be attacked, or that she caused the attack. (*See id.* at p. 2). Plaintiff has presented a legal conclusion couched as a factual allegation, which is insufficient to show that Defendant Cross was aware of a risk of harm to Plaintiff, and failed to protect Plaintiff from that harm. *See Iqbal*, 129 S.Ct. at 1949;

*Sinaltrainal*, 578 F.3d at 1261.

Accordingly, the undersigned finds that Plaintiff has not sufficiently stated an Eighth Amendment failure to protect claim against Defendant Cross. *See Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) (finding a complaint failed to state a claim regarding deliberate indifference when the plaintiff failed to allege the defendants foresaw an attack, or caused the attack); *Murphy v. Turpin*, 159 Fed. Appx. 945, 948 (11th Cir. 2005) (dismissing complaint for failure to state a claim of failure to protect because the complaint did not show the defendants had the requisite subjective knowledge of a risk of serious harm).

*Serious Medical Need*

Defendant Cross also maintains that Plaintiff has failed to state a claim of deliberate indifference to a serious medical need. (Doc. 88-1). ADeliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.@ *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must establish that there is an Aobjectively serious medical need@ and the Aprison official acted with deliberate indifference to that need.@ *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that Ahas been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor=s attention.@ *Hill v. DeKalb Reg=l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had A(1)

subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.@ *Brown*, 387 F.3d at 1351.

In his Amended Complaint, Plaintiff alleges that Defendant Cross, "knowing that Plaintiff had suffered actual injury", failed to provide Plaintiff with medical treatment. (Doc. 12, p. 2). Plaintiff provides no other information or allegations to show that Defendant Cross had knowledge of Plaintiff's injuries, that his injuries were in fact serious, and that Defendant Cross was deliberately indifferent to Plaintiff's serious medical need. Plaintiff has again alleged only a legal conclusion couched as a factual allegation, which is insufficient to show that Defendant Cross was deliberately indifferent to a serious medical need.

In his Response to Defendant Cross's Motion to Dismiss, Plaintiff provides additional information stating that Defendant Cross was aware of a serious risk of harm to Plaintiff through Plaintiff's filing of grievances and letters. (Doc. 101). Filing a grievance or letter, however, does not alone show that a supervisor had knowledge. *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor Adoes not alone make the supervisor liable@); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to Ajail=s upper officials@ was insufficient to show the defendants were on notice of a substantial risk of serious harm). Furthermore, there is no §1983 liability simply because a jail official did not act based on the content of a grievance. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) (ASection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information

contained in a grievance.@). Thus, an allegation that Plaintiff filed grievances and letters is insufficient so show that Defendant Cross had subjective knowledge of a serious medical need, and was deliberately indifferent to that need.

Plaintiff also stated that he visited Defendant Cross's office for meetings regarding his grievances, and that during that time Defendant Cross observed Plaintiff with a sling. (Doc. 101, p. 6). "[A] plaintiff must allege a conscious or callous indifference to a prisoner's rights." *Smith*, 368 Fed. Appx. at 14. Herein, Plaintiff did not state that he spoke with Defendant Cross about any current medical need, nor that she denied him treatment. At most, Defendant Cross observed that Plaintiff was in a sling, which does not show that she exhibited a conscious or callous indifference to Plaintiff's medical needs. As such, Plaintiff has failed to allege facts tending to show Defendant Cross had knowledge of a serious medical need, and was deliberately indifferent to that need.

*Vicarious Liability*

To the extent that Plaintiff is attempting to hold Defendant Cross liable because of her supervisory position, this claim must also fail. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability). The Complaint contains no allegations that Defendant Cross was personally involved in any alleged denial of Plaintiff's Eighth Amendment right, nor are there allegations that there is a causal connection between Defendant Cross and the alleged denial of rights.

*Conclusion*

The undersigned finds that Plaintiff has failed to state a claim for which relief can be granted

against Defendant Cross. Accordingly, it is the recommendation of the undersigned that Defendant Cross's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motion to Amend (Doc. 98)***

Plaintiff filed this Motion to Amend on July 18, 2012. Plaintiff filed his original Complaint on August 26, 2011, and on December 2, 2011 the waivers of service and the Complaint were mailed to the original defendants. (Docs. 1, 14, 15). Now-dismissed defendants Baden and Railey filed a Pre-Answer Motion to Dismiss on January 31, 2012 (Doc. 20), and Defendant Cross filed her Pre-Answer Motion to Dismiss on July 2, 2012. (Doc. 88).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments***
> In all other cases, a party may amend its pleading only with the opposing party=s written consent or the court=s leave. The court should freely give leave when justice so requires.

Plaintiff has previously filed a motion to amend which was granted as a matter of right. (Docs. 12, 31). Plaintiff may only be granted <u>one</u> amendment as a matter of right. Additionally, Plaintiff's Motion is clearly untimely if relying on Rule 15(a)(1). As Defendant has not consented

to Plaintiff=s proposed amendment, Plaintiff=s only remaining means to amend his Complaint is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat=l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court initially notes that Plaintiff has filed at least nine previous Motions to Amend, two of which were granted by the undersigned, and the rest of which were denied. (Docs. 12, 16, 31, 44, 48, 51, 53, 54, 59, 67, 95). In his current Motion to Amend, Plaintiff seeks to add Gregory McLaughlin, James Hinton, Talisha Moody, and Dr. Chiquita Fye, all employees at Macon State Prison, as defendants.

Plaintiff alleges the above-named individuals have failed to protect Plaintiff from contaminated drinking water, and have failed to protect Plaintiff's access to the courts. Additionally, Plaintiff requests the ability to bring criminal charges against James Hinton because he has violated the law, has violated Plaintiff's constitutional rights, and has lied in an affidavit.

In his Motion to Amend, Plaintiff has made conclusory allegations regarding each proposed defendant and each additional claim. Plaintiff attempts to assert claims against the proposed

defendants by alleging legal conclusions that are couched as factual assertions. Therefore, Plaintiff's Motion to Amend is futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Additionally, Plaintiff's Motion to Amend would cause undue prejudice to the only remaining Defendant, Defendant Cross. Plaintiff filed this Motion to Amend approximately eleven months after filing his Complaint, approximately eight months after his first Motion to Amend, more than two weeks after Defendant Cross filed her Motion to Dismiss, and nine days after the undersigned recommended dismissal of Defendants Baden and Railey and denied seven of Plaintiff's motions to amend. (*See* Doc. 95). If Plaintiff was allowed to amend at this late date, it would cause undue delay and prejudice as several new defendants would be added after Motions to Dismiss have been filed, after the undersigned has recommended dismissing the claims against Defendant Cross, and after the district judge assigned to this case has granted Defendants Baden and Railey's Motion to Dismiss. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming a denial of a motion for leave to amend when the motion was accompanied with a response to the defendants' motion for summary judgment and was filed seven weeks after the close of discovery); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

Furthermore, Plaintiff appears to be attempting to add several claims that are unrelated to the current case. Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, defendants may be joined in one action if

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

The events alleged in Plaintiff's Motion do not relate to the events alleged in Plaintiff's original Complaint. The new claims involve different defendants, and the allegations have arisen from alleged events which occurred at a different prison facility. Furthermore, the new claims allegedly occurred more than a year after the events alleged in Plaintiff's original Complaint. (*See* Docs. 1, 98). Plaintiff has not shown how the newly asserted claims logically relate to the original Complaint, or logically relate to the current Defendant. *See Nichols v. Head*, 2010 WL 4261395, *3 (M.D. Ga. Oct. 21, 2010) (denying the plaintiff's motion to amend because the plaintiff "failed to show a logical relationship between his claims" in the original complaint and the claims in his motion to amend); *Williams v. Eves*, 2010 WL 1955934, *2 (S.D. Ga. March 1, 2010) (denying the plaintiff's motion to add defendants when the plaintiff failed to show a logical connection between his claims against the named defendants and his newly alleged claims against defendants at a different prison facility).

As the Motion to Amend is unrelated to the original Complaint, would cause Defendant Cross undue prejudice, and is futile, Plaintiff's Motion to Amend is hereby **DENIED**.

***Appointment of Counsel (Doc. 117)***

Plaintiff filed a Motion for Appointment of Counsel on October 17, 2012. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).

Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff=s claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff=s Motion for Appointment of Counsel is **DENIED** at this time.

***Motion Requesting Courts Order and Response (Doc. 118)***

In Plaintiff's Motion Requesting Courts Order and Response, Plaintiff requests the Court render its decision regarding Defendant Cross's Motion to Dismiss. As the undersigned has recommended that Defendant Cross's Motion to Dismiss be granted in this Order and Recommendation, Plaintiff's Motion Requesting Courts Order and Response is **found to be moot**.

**SO ORDERED AND RECOMMENDED**, this 20th day of November, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf