IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:11-CV-113 (WLS) |
| | : | |
| CHRISTINE CROSS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Pending before the Court is an Order and Recommendation by United States Magistrate Judge Thomas Q. Langstaff, filed November 20, 2012. (Doc. 121.) Therein, Judge Langstaff recommends that the Court grant Defendant's Motion to Dismiss for failure to state a claim. Judge Langstaff reasons that Plaintiff's amended complaint against Defendant Cross lacks factual allegations showing Defendant's deliberate indifference to a substantial risk of serious harm and to a serious medical need.

The Order and Recommendation provided the Parties fourteen days[1] from the date of its service to file written objections to the Recommendation. (Doc. 121 at 7.) Plaintiff timely filed his objection December 4, 2012. (*See* Docket.) In his Objection, Plaintiff argues that the Court's August 3, 2012 dismissal of Defendants Baden and Railey for failure to exhaust administrative remedies was improper because that determination should have been made on the pleadings, not outside evidence. The Court's conclusion to the contrary, Plaintiff contends, was the result of "political motivation." Furthermore, Plaintiff maintains he "plainly stated the facts and factual allegations of his complaint" against Defendant Cross. This Court's refusal to allow Plaintiff to

---

[1] The Parties were given an additional three days because service was made by mail. See Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

1

proceed with this and other cases means he still has not received shoulder surgery, back surgery, and kidney surgery, despite the passage of a year or more since diagnoses. Furthermore, Plaintiff argues that Defendant Cross "lied while under oath" and refused to provide Plaintiff with medical treatment because of her "blatant racial discrimination." Given that Judge Langstaff has previously recommended dismissal of other defendants, Plaintiff argues that in effect no one is held liable and he has no rights at all. Lastly, Plaintiff requests that the Court appoint counsel to represent him.

### I. Plaintiff's Objection to Judge Langstaff's Order Denying Request for Appointment of Counsel

The Court first turns to Plaintiff's request for appointment of counsel. Judge Langstaff denied Plaintiff's request for counsel on the ground that there is no right to counsel in civil cases and appointment is justified only for exceptional circumstances. Judge Langstaff found those exceptional circumstances wanting because Plaintiff could ascertain the essential facts and legal doctrines without the assistance of counsel.

Under the Federal Rules of Civil Procedure, a district judge may consider timely objections to a magistrate judge's order on nondispositive pretrial matters and may modify or set aside any portion thereof that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting district judge to reconsider magistrate judge's order on nondispositive pretrial matter if order is contrary to law or clearly erroneous). "Clear error is a highly deferential standard of review." *Saunders v. Emory Healthcare, Inc.*, No. 1:07-CV-00282-WSD-GGB, 2008 WL 513340, *3 (N.D. Ga. Feb. 22 2008) ("The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'"). "[A] finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

Here, the Court is not persuaded that Judge Langstaff's denial of Plaintiff's request for counsel was clear error or contrary to law. As Judge Langstaff noted, appointment of counsel in a

civil case is not a constitutional right. *Fowler v. James*, 899 F.2d 1088, 1096 (11th Cir. 1990). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances[.]" *McCall v. Cook*, No. 11-12477, 2012 WL 5358873, at *1 (11th Cir. Oct. 31, 2012) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Exceptional circumstances exist where the facts and legal issues are so complex as to require the assistance of counsel. *Jackon v. Fla. Dept. of Corr.*, No. 11-16047, 2012 WL 4711583, at *1 (11th Cir. Oct. 4, 2012) (citing *Fowler*, 899 F.2d at 1096). In this case, nothing suggests that the case is unusually complex or novel as to require counsel. Therefore, the Court does not disturb Judge Langstaff's Order. Accordingly, Plaintiff's objection is **OVERRULED**.

## II.    Objection to the Dismissal of Defendants Railey and Baden

Plaintiff objects to the dismissal of Defendants Railey and Baden from this action. He argues that the Court erred in dismissing them because the Court should have determined exhaustion from the pleadings, not outside evidence. Because the Court already entered an Order dismissing Railey and Baden, it will construe Plaintiff's argument as a motion for reconsideration.

The Court is entitled to grant a motion for reconsideration in three circumstances: (1) when the movant demonstrates that there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties through the exercise of due diligence; or (3) the Court has made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

None of those circumstances exist here. In fact, the Court ordered dismissal of Baden and Railey for failure to state a claim, not for failure to exhaust administrative remedies. (*See* Doc. 108 at 5–6.) That Order was not made in clear error because Plaintiff failed to state Eighth Amendment and Fourteenth Amendment claims. He did not make factual allegations that those defendants knew of and disregarded a risk of harm to Plaintiff. Furthermore, Plaintiff did not

3

point to any specific comparators to substantiate his racial discrimination claim. There is no evidence that Judge Langstaff recommended dismissal of those claims because of "political motivation[s]."

Accordingly, to the extent Plaintiff requests that the Court reconsider its previous Order, that request is denied.

### III. Objection to the Dismissal of Defendant Cross

Finally, Plaintiff objects to the dismissal of Defendant Cross. He argues that he "plainly stated the facts and factual allegations" against Defendant Cross, that jail authorities have continuously denied him medical treatment, and that Defendant Cross lied under oath and is motivated by racial animus.

Pursuant to 28 U.S.C. § 636, "a [district court] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Doing so, the Court finds no reason to disturb Judge Langstaff's findings or recommendations. Plaintiff's amended complaint against Defendant Cross lacks sufficient factual allegations to state Eighth Amendment claims of a deliberate indifference to a substantial risk of serious harm and deliberate indifference to a serious medical need. Once again, Plaintiff failed to allege facts allowing a court to reasonably infer that Defendant Cross had subjective awareness of the alleged risk of harm and serious medical need. In his complaint, Plaintiff merely claims that Defendant Cross knew that Plaintiff was "brutally beaten, raped, and robbed of his possessions" and that she knew he needed medical care and treatment. (Doc. 12 at 2.)

These allegations are insufficient to survive a motion to dismiss. Conclusory allegations, such as those in Plaintiff's amended complaint, are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must support his legal conclusions with factual allegations. *Id.* His failure to do so is fatal to his claims against Defendant Cross. The

4

allegations that Plaintiff has been denied shoulder surgery, back surgery, and knee surgery for more than a year does not show that Defendant Cross had subjective knowledge of his serious medical need. Furthermore, Plaintiff has not alleged any facts showing that Defendant Cross denied him treatment because of racial discrimination. Nothing suggests that similarly situated black inmates received better medical attention. Accordingly, Judge Langstaff correctly found that Plaintiff failed to state a claim against Defendant Cross upon which relief can be granted.

For all of the above reasons, Plaintiff's Objection (Doc. 124) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's November 20, 2012 Report and Recommendation (Doc. 121) is **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. The Court therefore **GRANTS** Defendant Cross's Motion to Dismiss (Doc. 88) and **DISMISSES** Plaintiff's Eighth Amendment claims against Defendant Cross.[2]

**SO ORDERED**, this  24th  day of January 2013

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[2] Plaintiff has also moved to amend his request for a preliminary injunction (Doc. 122) and to add another claim against Dr. Dewayne Ayers and Larry Edwards (Doc. 127). Plaintiff has moved on at least three prior occasions for injunctive relief, and Judge Langstaff has denied those requests. (Docs. 31, 95.) Additionally, Plaintiff has moved nearly a dozen times to amend or supplement his complaints. (Docs. 5, 12, 16, 17, 24, 44, 54, 59, 62, 98.) In fact, Plaintiff has previously attempted to add claims against Dewayne Ayers. (*See* Doc. 95 at 8.) Given that Plaintiff failed to state a claim against Defendant Cross, the only remaining defendant, Plaintiff's request for an injunction is **DENIED**. His Motion to Amend is **DENIED** because of undue delay.