IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:11-CV-113 (WLS) |
| CHRISTINE CROSS *et al*, | : | |
| Defendants. | : | |

### ORDER

Before the Court are Plaintiff Don Robert Faircloth's Motion to Reopen Complaint and Amended Motion to Reopen Complaint. (Docs. 139, 140.) The procedural posture of this case is lengthy, but Faircloth himself summarized it a few months ago:

> Plaintiff filed his 42 U.S.C. § 1983 civil rights complaint on the 26th day of August, 2011. . . . The Court . . . systematically dismissed Plaintiff's complaint against Warden Joseph Baden and Deputy Warden Christopher Railey. Plaintiff will re-file a new complaint. . . . Now, Plaintiff, on the 28th day of January, 2013, received through prison legal mail, United States District Judge, W. Louis Sands Order [sic] dated the 24th day of January, 2013, dismissed Plaintiff's complaint against Defendant Christine Cross, which Plaintiff, again, will appeal, or re-file another complaint.

(Doc. 130 at 1–2 (emphasis in original)). True to his word and vexatious behavior—Faircloth has filed at least seven similar lawsuits within the past three years—Faircloth appealed the dismissal and now seeks to re-file his complaint. Faircloth's arguments are, again, without merit.

Because the Court entered a final judgment in this case on January 24, 2013, the Court construes Faircloth's motions as Motions for Relief from a Judgment or Order under Rule 60 of the Federal Rules of Civil Procedure. Under Rule 60, a Court may relieve a party of a final judgment for reasons such as mistake or inadvertence, newly

discovered evidence, the existence of fraud or a void judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Faircloth requests the Court "reopen" his complaint because he was raped and sexually assaulted in 2011 and investigators have neglected his claims, because inmates possess handguns, and because he wants to exercise his First Amendment right to "access the press" by exposing corruption within the Georgia Department of Corrections.

The only arguable ground for relief under Rule 60(b) is the catchall provision for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). For this provision to apply, Faircloth must show "extraordinary circumstances" warranting relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Faircloth's proffered reasons are not extraordinary because he has litigated these exact claims for the past three years. He presents nothing novel or of merit. Furthermore, Faircloth's promise to re-file his complaint in defiance of the Court's dismissal is further evidence no extraordinary circumstances warrant reopening his case.

Faircloth's motions (Docs. 139, 140) are **DENIED**.

**SO ORDERED**, this   17th   day of May 2013

        /s/ W. Louis Sands
        **THE HONORABLE W. LOUIS SANDS,**
        **UNITED STATES DISTRICT COURT**