**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DON ROBERT FAIRCLOTH, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : Case No.: 1:11-cv-113 (WLS) <br> : <br> CHRISTINE CROSS, : <br> : <br> Defendant. : <br> : | |

## ORDER

Before the Court is Plaintiff's Request to Proceed *In Forma Pauperis* ("IFP") on Appeal (Doc. 147.) In his Motion, Plaintiff indicates he is a prisoner, owns no real estate or other property, and has no source of income. Plaintiff, however, has failed to include a certified copy of his prison trust fund account statement.

Under 28 U.S.C. § 1915, a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).[1] Further, Section 1915 requires the putative appellant to "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediate preceding the filing of the complaint or notice of appeal." § 1915(a)(2). "An appeal may not be taken in forma pauperis[, however,] if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). Accordingly, a court is required to dismiss a

---

[1] Fed. R. App. P. 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

1

case upon finding that the appeal taken *in forma pauperis* is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(i)-(iii).

While the good-faith test under § 1915 does not require a preliminary showing of any particular degree of merit, the examining court at least must be able to determine from the *in forma pauperis* application whether the appeal involves legal points *arguable* on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted) (adopting U.S. Magistrate Judge's recommendation's findings as to IFP application). That is, legal theories raised in the appeal must be "capable of being convincingly argued." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 860, 859–60 (11th Cir. 2008) (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) ("[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001))). Otherwise, if they are not, they are "indisputably meritless," frivolous, and thus, brought without good faith. *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Plaintiff's motion is procedurally deficient because he failed to include a certified copy of his prison trust account. Even if he had included a certified copy of his prison trust account, however, the Court would still deny the motion. Plaintiff's appeal is frivolous and without good faith. Based on his Notice of Appeal, Plaintiff presumably seeks to appeal the Court's Order denying his Motion for Relief from Judgment. (*See* Doc. 141.) Plaintiff claims he has shown "extraordinary circumstances" warranting relief from judgment because he was "brutally beaten, raped, and robbed of his possessions" in April and May 2011. (Doc. 142.) Plaintiff's repetition of the same bare, conclusory

allegations that earned him dismissal in this and nearly half a dozen other cases does not rise to exceptional circumstances warranting Rule 60 relief. Because Plaintiff has not identified any ground for relief arguable on the merits, his motion to proceed *in forma pauperis* on appeal is **DENIED**.

    **SO ORDERED**, this   25th   day of June 2013.

                                      /s/ W. Louis Sands  
                                      **THE HONORABLE W. LOUIS SANDS,**  
                                      **UNITED STATES DISTRICT COURT**